UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| DIANA HUNTER, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) CAUSE NUMBER: 4:23-cv-84-RGJ |
| KENTUCKY WESLEYAN COLLEGE, | ) ) ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Diana Hunter ("Hunter"), by counsel, against Defendant, Kentucky Wesleyan College ("Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e. *et. seq.*, the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et. seq.* and the Kentucky Civil Rights Act ("KCRA").

**II. PARTIES**

2. Hunter is a resident of Daviess County, Kentucky, who at all relevant times to this action, resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant routinely conducts business within the geographical boundaries of the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 29 U.S.C. § 626; and 42 U.S.C. § 2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by KRS 344.030(2); 29 U.S.C. § 630(b); and 42 U.S.C. §2000e(b).

6. Hunter was an "employee" as that term is defined by KRS 344.030(5); 29 U.S.C. § 630(f); and 42 U.S.C. §2000e(f).

7. Hunter satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination (Charge Number: 474-2022-01220) with the U.S. Equal Employment Opportunity Commission against Defendant alleging sex and age discrimination. Hunter received her Notice of Suit Rights on June 22, 2023 and timely files this action.

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

### IV. FACTUAL ALLEGATIONS

9. Hunter was hired by Defendant in or around June 2014 as Head Women's Tennis Coach.

10. Throughout her employment with Defendant, Hunter met or exceeded Defendant's legitimate performance expectations.

11. In or around the 2018-2019 school year, Mark Shook ("Shook") was hired by Defendant as Director of Compliance. By the 2021-2022 school year, Shook was promoted to Interim Athletic Director, replacing Rob Mallory, and became Hunter's Supervisor.

12. Shortly after being promoted, Shook began treating Hunter differently than her peers who are substantially younger and outside of her sex. This disparate treatment includes but is not limited to the following:

   a. Shook became unprofessional with Hunter on multiple occasions by laughing at her in person and over the phone during work-related calls and meetings;

   b. Shook consistently threatened to terminate Hunter over minor disagreements;

   c. Shook moved all athletic coaches – save for Hunter – to a building with better equipment and supplies. When he later moved Hunter to the building, Hunter was offered the smallest of the available offices despite her seniority.

   d. Shook mandated Hunter to meet with him every two weeks to check in. Shook did not require this of any other coaches outside of her protected class(es).

   e. Shook instructed Hunter to create a detailed lesson plan and did not require the same of any other coaches outside of her protected class(es).

13. On or around April 26, 2022, Shook met with Hunter and terminated her. Shook cited poor performance, an internal investigation conducted by Human Resources that was unsubstantiated, and that she work too much in her other position as a substitute teacher. Chuck Brown, a substantially younger Male who replaced

3

Hunter, was allowed to work a separate full-time job and was paid at a higher rate than Hunter. Defendant's stated reasons for termination are a pretext for violating Hunter's rights under Title VII, ADEA, and KCRA.

14. Hunter was harmed and continues to be harmed by Defendant's unlawful actions.

## V. CAUSES OF ACTION

### COUNT I: VIOLATION OF TITLE VII & KCRA – SEX DISCRIMINATION

15. Hunter hereby incorporates paragraphs one (1) through fourteen (14) of her Complaint as if the same were set forth at length herein.

16. Hunter was discriminated against, subjected to different terms and conditions of her employment, and terminated based on her sex.

17. Defendant's actions were intentional, willful, and in reckless disregard of Hunter's civil rights in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Kentucky Civil Rights Act.

18. Hunter has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

### COUNT II: VIOLATION OF ADEA & KCRA– AGE DISCRIMINATION

19. Hunter hereby incorporates by reference paragraphs one (1) through eighteen (18) of her Complaint as if the same were set forth at length herein.

20. Hunter was discriminated against, subjected to different terms and conditions of her employment, and terminated based on her age.

21. Defendant's actions were willful, intentional, and done with reckless disregard for Hunters' civil rights as protected by Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 *et. seq.* and Kentucky Civil Rights Act.

22. Hunter has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Diana Hunter, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Hunter's employment to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payments to Seales of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Liquidated Damages for Defendant's violations of the ADEA & KCRA:

5. Compensatory damages for Defendant's violations of Title VII & KCRA ;

5. Punitive damages for Defendant's violations of Title VII & KCRA;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully Submitted,

*/s/ Andrew Dutkanych*_____
Andrew Dutkanych
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991.1765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff, Diana Hunter*

## DEMAND FOR JURY TRIAL

Plaintiff, Diana Hunter, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

*/s/ Andrew Dutkanych*_____
Andrew Dutkanych
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991.1765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff, Diana Hunter*